IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20 CV

JASON RUSSIN

Plaintiff,

v.

DENVER AREA BETTER BUSINESS BUREAU, INC.

Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Jason Russin ("Russin"), for his Complaint, states as follows:

### I. JURISDICTION AND VENUE

1. This action is authorized and the jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e-5(f).

2. Venue is proper in this Court as the unlawful employment practices alleged herein were committed within the jurisdiction of the United States District Court for the District of Colorado.

### II. PARTIES

3. Russin is a male citizen of the United States and a resident of, and domiciled in, the State of Colorado.

4. Defendant Denver Area Better Business Bureau, Inc. ("BBB") is a Colorado non-profit corporation

5. BBB is a non-profit which encourages and supports best practices in business through education of businesses and consumers.

6. BBB's principal place of business in Colorado is 3801 E. Florida Avenue, Denver, CO 80210.

7. BBB currently employees over 20 employees.

### III. ADMINISTRATIVE PROCEDURES

8. Within 300 days of the occurrence of the acts complained of below, Russin filed a Charge of Discrimination with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission claiming that he was discriminated against on the basis of sex and in retaliation for engaging in a protected activity.

9. On or about March 13, 2020, Russin received a "Notice of Right to Sue" from the CCRD and EEOC.

### IV. FACTUAL ALLEGATIONS

10. Russin began employment with BBB in July 2017 as Vice President of Sales.

11. Russin performed his duties in the position of Vice President in a satisfactory manner.

12. In July 2018, BBB's CEO Kim States accused Russin of becoming aggressive and attacking a female Vice President of Marketing Krista Ferndelli ("Ferndelli") because he objected to being left out of the creation of a new product, which was squarely within Russin's defined job description.

13. Russin emailed the Head of HR and CFO, Melodye McConnell and informed her that he felt States was treating him differently than she treated Ferndelli.

14. Nothing was done to investigate Russin's claims, except that he was treated as an "aggressive male" and Ferndelli informed States that she would never report to Russin as she was required to do pursuant to the then current organizational chart.

15. Nothing was done to Ferndelli as a result of her refusal to report to her supervisor Russin, instead Russin was admonished that he needed to work on his "emotional intelligence".

16. States also told Michael Watkins, Russin's coach, that Russin needed to learn to be at ease with "female leaders' and avoid aggressive or "perceived aggressive behavior".

17. In October 2018, BBB's CEO, Kim States, berated Russin in front of his wife, for his "male aggressive and negative behavior", stated to him that he needed to manage the VP of Marketing whom she allowed to not report to him and threatened Russin's job several times.

18. States had Russin complete a personality profile and knew about his personality and encouraged all BBB employees to "meet in the middle", except when Russin had an issue with a female counterpart.

19. Russin began to observe State's anti-male bias and harassment towards other BBB male employees and from the otherwise all-female executive team at BBB.

20. In November, 2018 Ferndelli was promoted from VP of Marketing to Director, despite Russin, McConnell and the BBB Executive Committee all stating objections to States about Ferndelli being promoted to executive level

21. Russin was never officially written-up for any performance issues and received performance evaluation which rated him as exceeding expectations and complimented him for doing an "outstanding job".

22. States also instructed Russin to keep select operational details of specific male dismissals out of his Board of Directors' Memo in order to avoid scrutiny from the Board regarding her termination of male employees.

23. In March 2019, States required Russin to attend an unscheduled meeting with her and the Sales Manager Lon Herman.

24. When Russin arrived at the meeting, States admonished him and Herman for failing to train a new sales administrator who had been on the job for less than one week.

25. States used profanity towards Russin and Herman as she berated Russin in front of his subordinate, Herman.

26. Russin never observed States disciplining female executives in front of their subordinates or using the hostile tone and profanity.

27. When creating sales specific policies and decision directly affecting the BBB sales team, Russin's direct responsibility, States sought input from female executives, but did not seek input from Russin.

28. On or about March 14, 2019, Russin had an attorney deliver a letter to States regarding what he perceived to be a hostile work environment that was created for males.

29. BBB initiated an investigation though Mountain States Employers' Council regarding Russin's claims and when contacted, Russin informed the investigator that he believed BBB was discriminating against him on the basis of his sex.

30. On or about May 3, 2019 BBB placed Russin on administrative leave based upon the unsubstantiated and overwhelmingly false allegations made by the female executive team of safety concerns and policy violations.

31. Although BBB stated that an investigation would be conducted, Russin was never interviewed by an investigator about the allegations against him and, upon information and belief, members of his direct team were never interviewed.

32. On May 31, 2019, Russin was wrongfully terminated by BBB.

## FIRST CAUSE OF ACTION
## SEXUAL DISCRIMINATION

33. Russin incorporates by reference his factual allegations.

34. Plaintiff Russin, as a male, is a member of a protected class.

35. During the term of his employment, Russin was performing his job duties in a satisfactory manner.

36. Russin was subjected to sexual discrimination, by his supervisor, which was not acted upon by the Defendant.

37. Russin was treated differently than similarly situated female employees.

38. Defendant engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e-2(a)(1).

39. Defendant's actions in treating Russin differently than similarly situated females, was in violation of 42 U.S.C. § 2000e.

40. The effect of the practices complained of was to deprive Russin of equal employment opportunities and to otherwise adversely affect his status as an employee, based upon his sex.

41. The unlawful employment practices complained of above were the intentional acts of Defendant's managers and Defendant had actual knowledge of the discrimination and harassment due to Plaintiff's complaints.

42. Defendant took no remedial action to stop the discrimination and disparate treatment and thereby, allowed a hostile, intimidating and offensive work environment to persist.

43. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered past and future wage loss, emotional distress, inconvenience, mental anguish and other non-pecuniary losses.

## SECOND CAUSE OF ACTION
## RETALIATION

44. Russin incorporates by reference his prior factual allegations and causes of action.

45. Plaintiff engaged in a protected activity when he complained of sexual harassment and discrimination to Defendant.

46. As a result of his complaints, Defendant retaliated against Russin by engaging in the unlawful employment practices described above in violation of 42 U.S.C. § 2000-e2(a)(1).

47. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee based upon his prior complaints.

48. Defendant has engaged in a pattern and practice of retaliating against employees who engage in protected activities by objecting to illegal discrimination.

49. The unlawful employment practices complained of above were the intentional acts of Defendant and occurred with the direct knowledge of retaliation by Defendant.

50. Defendant took no remedial action to stop the retaliation which created an intimidating, hostile and offensive work environment and, ultimately led to Plaintiff's unlawful discharge.

51. As a direct and proximate result of Defendant's retaliation against Plaintiff, he has and will continue to incur past and future wage loss, emotional distress, inconvenience, embarrassment, mental anguish and other nonpecuniary losses.

**WHEREFORE,** Plaintiff Jason Russin respectfully requests that this Court enter judgment in his favor and against the Defendant Better Business Bureau, and award him all relief as allowed by law, including but not limited to, the following:

   a. Actual economic damages as established at trial;

   b. Compensatory damages including, but not limited to, those for future pecuniary losses, emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

   c. Punitive damages for all claims allowed by law in an amount to be determined at trial;

   d.  Pre-judgment and post-judgment interest at the legal rate;

   e.  Attorney's fees and costs; and

   f.  Such further relief as justice requires.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

**DATED** this 9th day of June 2020.

SCOTT F. REESE, P.C.

<u>S/ Scott F. Reese</u>
Scott F. Reese
795 W. Birch Ct., Suite 100
Louisville, CO 80027
(303) 665-4448
**Attorneys for Plaintiff**

Plaintiff's Address:
200 Powderhorn Trail
Broomfield, CO 80020